## 22468

SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent
v. Rebecca Ann VANDERHORST and John Doe, Appellants.
In the Interest of Wyatt VANDERHORST and Rory Vanderhorst, minor children.

(340 S. E. (2d) 149)

Supreme Court

---

*A. Hoyt Rowell, III*, Charleston, *for appellant, Rebecca Ann Vanderhorst.*

*Thomas E. Mosley*, of *S. C. Dept. of Social Services*, Columbia, *for respondent.*

Heard Jan. 6, 1986.

Decided Feb. 7, 1986.

CHANDLER, Justice:

An indigent mother (Vanderhorst) contends the Family Court's failure to appoint counsel in the series of proceedings leading to the termination of her parental rights was a violation of due process and South Carolina statutory law.

We agree and remand for a full adjudicatory rehearing.

## FACTS

In July, 1980, the South Carolina Department of Social Services (DSS) served a petition upon Vanderhorst, alleging she had beaten her son, Wyatt, with a broom and burned him with a match.

An initial hearing was held in August, 1980. Vanderhorst did not attend. By Order dated September 4, 1980, the Family Court granted DSS temporary custody of Wyatt and another son, Rory.

Vanderhorst appeared *pro se* at a contested removal hearing in November, 1980. The Court took no action at this, or any subsequent hearing, to appoint counsel. After a verbal altercation with the judge, she left the courtroom. The Court at that time ordered that Wyatt and Rory be placed in appropriate foster care.

In May, 1982, a third hearing was held pursuant to a *pro se* motion by Vanderhorst. At that time, she left the hearing when the judge refused to let her use a tape recorder. Her motion was then dismissed for lack of prosecution.

In April, 1982,[1] DSS served Vanderhorst with a petition seeking to terminate her parental rights. She did not answer, and an order of default was entered.

In August, 1982, a fourth hearing was conducted, at which the matter was determined upon the merits. Vanderhorst did not attend. The Court terminated her parental rights and awarded DSS permanent custody for the purpose of placing the children for adoption.

In February, 1983, Vanderhorst petitioned, *pro se,* for "Restoration of Parental Rights" and for a court appointed attorney. *One year later,* in February, 1984, counsel was appointed.

DSS moved to dismiss Vanderhorst's petition. She defended on the ground the prior termination proceedings were void as she was denied counsel in violation of South Carolina statutes and the Due Process Clauses of the South Carolina and United States Constitutions.

The Family Court Judge found Vanderhorst's last petition to be a collateral attack upon the order granting permanent custody to DSS, and held he had no jurisdiction to sit as an appellate court.

---

[1] Vanderhorst's May, 1982, motion was apparently not made in response to the April, 1982, petition.

## ISSUE

The single issue is whether Vanderhorst was denied a right to counsel in the proceedings below.

## RIGHT TO COUNSEL

There were two distinct stages in the proceedings below: removal of the children from Vanderhorst's custody and the termination of her parental rights. Accordingly, we make the following two-part analysis of whether a right to counsel attached.

### A. *Removal*

S. C. Code Ann. § 20-7-110(B) (Cum. Supp. 1985)[2] provides:

> In all child abuse and neglect proceedings:
> (B) Parents, guardians or other persons subject to any judicial proceeding shall be entitled to legal counsel. *Those persons unable to afford legal representation shall be appointed counsel by the Family Court.* [Emphasis supplied.]

Actions to remove children are clearly within the class of child abuse and neglect proceedings.

S. C. Code Ann. § 20-7-736(D) (Cum. Supp. 1985) enacted in June, 1982, provides:

> (D) Upon receipt of a removal petition under this section, the Family Court shall schedule a hearing to be held within thirty days of the date of receipt to determine whether removal is necessary.
> The Family Court shall notify the parent or guardian of the hearing by delivering a copy of the petition, together with a notice of the hearing, which shall in-

---

[2] This version is an amendment of the originally enacted § 20-7-110. The original version, enacted in 1977, is substantially identical and reads as follows:

> (B) Parents, guardians or other persons subject to any judicial proceeding *under this act* shall be entitled to legal counsel. Those persons unable to afford legal representation shall be appointed counsel by the Family Court. [Emphasis portion omitted from present version.]

The "act" referenced is the "Child Protection Act," 1977 Act. No. 187. This act includes the procedure to be used in "Removal" of children to DSS's protective custody.

clude the date and time of the hearing *and an explanation of the right of the parent or guardian to an attorney under § 20-7-110.* [Emphasis supplied.]

This section was not in effect at the time the removal petition was served. In our opinion, however, it was enacted primarily to ensure notice of the right to counsel under § 20-7-110(B) before the initial hearing.

The record does not show that the Family Court, at any time during the removal proceedings, complied with its clear mandate under § 20-7-110(B) to appoint counsel.

Additionally, Family Court Rule 4, in effect since 1977, provides:

*No case shall be entertained by the Court unless all parties are represented by counsel;* provided that the judge may give written permission with a statement of his reasons therefore to a party to proceed without benefit of counsel. [Emphasis supplied.]

The record does not show the Family Court complied with this rule.

### B. *Termination of Parental Rights*

In *Lassiter v. Dept. of Social Services of Durham County, North Carolina,* 452 U. S. 18, 101 S. Ct. 2153, 68 L. Ed. (2d) 640 *reh'g denied* 453 U. S. 927, 102 S. Ct. 889, 69 L. Ed. (2d) 1023 (1981) the United States Supreme Court addressed directly the issue of whether failure to appoint counsel for indigent parents in termination of parental rights proceedings violates due process. The Court declined to recognize a blanket rule requiring counsel, but applied a balancing test based upon the totality of the circumstances.

No South Carolina statute provided for a right to counsel at the time Vanderhorst's parental rights were terminated.[3] Even so, the Family Court was bound by *Lassiter* as is, indeed, this Court.

Under *Lassiter*, a reviewing court must balance private interests, the government's interests and the risk that procedures used will lead to erroneous decisions.

The risks involved depend upon the facts of each case. As *Lassiter* noted:

> Expert medical and psychiatric testimony, which few parents are equipped to understand and fewer still to confute, is sometimes presented. The parents are likely to be people with little education, who have had uncommon difficulty in dealing with life, and are, at the hearing, thrust into a distressing and disorienting situation. That these factors may overwhelm an uncounseled parent is evident from the findings some courts have made. [Citations omitted.]

452 U. S. at 30, 101 S. Ct. at 2161, 68 L. Ed. (2d) at 651.

Here, the petition to terminate Vanderhorst's rights was based, in part, upon the factual findings contained in the 1980 Order removing the children from her custody. That proceeding was based upon alleged physical abuse. At the removal hearing, a police officer, a physician and four DSS witnesses testified. Evidence presented included expert medical and psychological evaluations. There can be no assurance that these factual findings were not determinative factors in the action to terminate Vanderhorst's rights.

The Family Court's 1980 removal order was attached to the petition as an exhibit. The findings of fact placed the Court on notice of the potential risks involved in allowing Vanderhorst to proceed without counsel. In the prior re-

---

[3] After counsel was appointed in this case, S. C. Code Ann. § 20-7-1570 (Cum. Supp. 1985) was added to the Children's Code Article dealing with Termination of Parental Rights. The new section provides:

If the parent is not represented by counsel, the judge shall make a determination on a case by case basis whether counsel is required. If the parent is indigent and counsel is not appointed, the judge shall enter on the record the reasons counsel was not required. This statute is legislative recognition of the *Lassiter* requirement.

moval proceedings she had defaulted and failed to appear at the initial hearing. The order states that Vanderhorst's erratic behavior evidenced mental instability. Indeed, on the occasion she did appear before the Court at the November, 1980, merits hearing, she had a verbal altercation with the judge and left the courtroom.

This pattern was repeated in the termination proceedings. The record shows that Vanderhorst's attempt at *pro se* representation significantly compromised her position. She did not answer the 1982 termination petition and an order of default was entered. Nor did she appear at the merits hearing. She testified at the 1984 motion hearing that she did not believe DSS could terminate her parental rights permanently and she felt no need to answer or to attend the hearing.

Appointed counsel could have addressed these problems. Accordingly, we hold that a right to counsel under *Lassiter* attached. We do not join the majority of states which hold that due process requires appointment of counsel for indigents in all termination of parental rights cases. Rather, we defer to the General Assembly's enactment of S. C. Code Ann. § 20-7-1570 (Cum. Supp. 1985) which, as noted above, requires the Family Court to make a case by case analysis based upon *Lassiter*. However, we caution that under our interpretation of *Lassiter* cases in which appointment of counsel is not required should be the exception.

### REMAND

Since we determine that Vanderhorst had a right to counsel in both stages of this case, it necessarily follows that she was entitled to be so advised. There is no evidence that Vanderhorst was apprised by the Family Court of her right. Nor is there evidence that she either knew of her right or had waived it intelligently. *See* cases cited in Annot., 80 A.L.R. (3d) 1141 *Indigent Parents' Right to Counsel*, § 5.

Vanderhorst argues that the prior proceedings should be declared a nullity. However, we do not find it necessary or desirable to reverse or vacate the orders below.

Failure to appoint counsel notwithstanding, DSS has acted in what it considered to be the best interests of the children. In the course of doing so, DSS has placed the children with prospective adoptive families. Every indication in the record is that the children are in the process of being adopted by suitable, loving and caring parents.

On remand, the best interests of the children shall, of course, continue to be the paramount consideration. As S. C. Code Ann. § 20-7-1578 (Cum. Supp. 1985) provides:

> [The Termination of Parental Rights Statutes] must be liberally construed in order to ensure prompt judicial procedures for freeing minor children from the custody and control of their parents by terminating the parent-child relationship. *The interests of the child shall prevail if the child's interest and the parental rights conflict.* [Emphasis supplied.]

We meet the exigencies of this case, without impairing the effectiveness of the previous orders, by remanding the proceeding to the Family Court for a rehearing, both adjudicatory and dispositional, on the issues of whether Vanderhorst's children should be removed from her custody and her parental rights terminated. At that time Vanderhorst will, of course, be represented by counsel appointed by the Court.

Remanded.

NESS, C. J., and GREGORY, HARWELL, and FINNEY, JJ., concur.