23683

Otis WASHINGTON, Appellant v. Lillian G. WASHINGTON, Respondent.

(419 S.E. (2d) 779)

Supreme Court

*J. Mitchell Lanier* and *D. Mark Stokes,* Moncks Corner, *for appellant.*

*Sandra K. Ray,* Lexington, *for respondent.*

Heard April 8, 1992.

Decided July 13, 1992.

MOORE, Justice:

This is an appeal from an order of the family court granting a decree of separate maintenance, equitable distribution, rehabilitative alimony and child support. The issue is whether the family court erred in allowing Husband to proceed *pro se.* We affirm.

## FACTS

This action was initialed by appellant (Husband), who sought an order declaring that he and respondent (Wife) were living separate and apart, and granted equitable distribution of the marital property. Wife counterclaimed, seeking alimony and child support in addition to a separation decree and equitable distribution. Husband appeared *pro se* at the final hearing and told the court that he did not have counsel because he was dropping his action against Wife. The trial judge proceeded with wife's counterclaim. Wife was represented by counsel.

The judge ordered that the parties be allowed to live separate and apart, and awarded Wife $30,000 in equitable distribution, $265 per month child support, and $200 per month rehabilitative alimony for twelve months. Husband does not contest the alimony or child support awards.

## ISSUE

Did the family court err in allowing Husband to proceed *pro se?*

## DISCUSSION

There is a statutory right to proceed *pro se* in South Carolina. S.C. Code Ann. § 40-5-80 (1986).[1] Appellant argues the trial court must obtain a knowing and voluntary waiver of counsel from every litigant who wishes to exercise his right to represent himself. We disagree.

A right to counsel under the federal constitution arises under the sixth amendment or under the due process guarantee of the fourteenth amendment. *Ferguson v. Gathright,* 485 F. (2d) 504 (4th Cir. 1973), *cert. denied,* 415 U.S. 933, 94 S. Ct. 1447, 39 L.ED. (2d) 491 (1974). Because

---

[1] Section 40-5-80 reads in pertinent part, "[the chapter regulating the practice of law] shall not be construed so as to prevent a citizen from prosecuting or defending his own cause, if he so desires. . . ."

Husband has not been charged with a crime, the sixth amendment is not implicated. We must therefore determine whether due process demands a right to counsel in a civil proceeding affecting the marital relationship.

A due process right to counsel generally involves the deprivation of a liberty interest. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18, 101 S. Ct. 2153, 68 L.Ed. (2d) 640, *reh'g denied*, 453 U.S. 927, 102 S. Ct. 889, 69 L.Ed. (2d) 1023 (1981). Nevertheless, certain domestic proceedings—notably termination of parental rights—may, in some situations, involve a deprivation sufficient to generate a due process right to counsel. *Id; South Carolina Department of Social Services v. Vanderhorst*, 287 S.C. 554, 340 S.E. (2d) 149 (1986). A separation proceeding, where one or both of the parties has invoked the State's assistance in determining marital equities, simply does not involve a deprivation that mandates a due process right to an attorney. Further, we find in this situation that the state constitution affords no greater right to counsel than does the fourteenth amendment.

We find no constitutional or statutory right to counsel in a proceeding such as this. Where a civil litigant has no right to counsel, we hold the trial court is under no duty to determine whether a decision to proceed *pro se* is knowingly and voluntarily made.

Appellant also contends that the family court erred by: (1) awarding Wife an amount that corresponds to the monetary amount she contributed at the outset of the marriage; (2) failing to specifically address each of the statutory equitable distribution factors of S.C. Code Ann. § 20-7-472 (Supp. 1991); and (3) not making a finding as to the value of the marital home.

Husband neither raised these issue to the court at trial nor through a Rule 59(e) motion to amend the judgement, and the issue are not properly before this Court for review. *Hoffman v. Powell*, 298 S.C. 338, 380 S.E. (2d) 821 (1989). Nevertheless, the record reflects no error by the family court judge.

Accordingly, the order of the family court judge is

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY, and TOAL, JJ., concur.