THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED 
 OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals
 
 
 
 
 South Carolina Department of Social Services, Respondent,
 
 
 

v.
 
 
 
 
 Burnette Martinez & Ruben Martinez and Child, Hamelia Martinez, 
 DOB  11-27-88, Defendants,
 of whom Ruben Martinez is Appellant.
 
 
 

Appeal From Dorchester County
  William J. Wylie, Jr., Family Court Judge

Unpublished Opinion No. 2004-UP-434
 Submitted June 8, 2004  Filed July 23, 2004

AFFIRMED

 
 
 
 
 Amy C. Sutherland, of Greenville, for Respondent.
 William R. Hearn, Jr., of Summerville, for Guardian ad Litem.
 
 
 

PER CURIAM:  Ruben Martinez appeals the family courts order terminating 
 his parental rights to Hamelia Martinez.  We affirm [1] pursuant to Rule 220(b)(2), SCACR, 
 and the following authorities:  South Carolina Dept of Soc. Servs. v. Vanderhorst, 
 287 S.C. 554, 561, 340 S.E.2d 149, 153 (1986) (When a court terminates parental 
 rights, the paramount consideration is the best interest of the child or children.); 
 South Carolina Dept of Soc. Servs. v. Broome, 307 S.C. 48, 54, 413 S.E.2d 
 835, 839 (1992) (The appellate courts may review the record in a termination 
 of parental rights case and make their own determination whether termination 
 is supported by clear and convincing evidence.); Hooper v. Rockwell, 
 334 S.C. 281, 297, 513 S.E.2d 358, 367 (1999) (However, due deference may be 
 given to the decision of the family court judge who saw and heard the witnesses 
 and was in a better position to evaluate their credibility and their testimony.); 
 S.C. Code Ann. § 20-7-1572(3) (Supp. 2003) (The family court may terminate the 
 rights of a parent if termination is in the childs best interest, the child 
 has lived outside the home of either parent for a period of six months, and 
 during that time the parent has wilfully failed to visit the child.); S.C. 
 Code Ann. § 20-7-1572(8) (The family court may also order termination of parental 
 rights if [t]he child has been in foster care under the responsibility of the 
 State for fifteen of the most recent twenty-two months[.]); Doe v. Baby 
 Boy Roe, 353 S.C. 576, 581, 578 S.E.2d 733, 736 (Ct. App. 2003), cert. 
 denied (April 8, 2004) ([A] ground for termination exists once a child 
 has languished in foster care for any fifteen months within the most 
 recent twenty-two month period.).  
AFFIRMED.
HEARN, C.J., STILWELL, J., and CURETON, A.J., concur.

 
 [1]        We decide this case without oral argument pursuant to 
 Rule 215, SCACR.