**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Appellant,

v.

Doree A., Christopher A., Hector S., Christopher M., and Odel S., Respondents.

In the interest of minor children under the age of eighteen.

Appellate Case No. 2013-001098

Appeal From Spartanburg County
Usha J. Bridges, Family Court Judge

Unpublished Opinion No. 2014-UP-129
Submitted February 20, 2014 – Filed March 21, 2014

**AFFIRMED IN PART AND REMANDED**

Deborah Murdock, of Murdock Law Firm, LLC, of Mauldin, for Appellant.

Stephen Lee Denton, of Harrison, White, Smith & Coggins, P.C., of Spartanburg, for Respondent Doree A.

Christopher A., Hector S., Christopher M., and Odel S., all pro se.

Michael Todd Thigpen, of the Law Offices of Michael Todd Thigpen, of Spartanburg, for Guardian ad Litem.

---

**PER CURIAM:** The South Carolina Department of Social Services (DSS) appeals the family court's final order denying termination of Doree A.'s (Mother's) parental rights to her three minor children (Children). On appeal, DSS argues (1) it presented sufficient evidence to support the statutory grounds for termination of parental rights (TPR) as to Mother—in particular, the grounds of (a) severity and repetition of the abuse or neglect and (b) failure to remedy the conditions causing the removal; (2) the family court erred in failing to rule on the termination of the Children's fathers' parental rights; and (3) the family court erred in failing to address Children's best interests. We affirm in part and remand.

On appeal from the family court, this court reviews factual and legal issues de novo. *Argabright v. Argabright*, 398 S.C. 176, 179, 727 S.E.2d 748, 750 (2012). The grounds for TPR must be proved by clear and convincing evidence. *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999). "Upon review, the appellate court may make its own finding from the record as to whether clear and convincing evidence supports [TPR]." *S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 609, 582 S.E.2d 419, 423 (2003). However, despite our broad scope of review, this court is not required to ignore the fact the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Lewis v. Lewis*, 392 S.C. 381, 388, 709 S.E.2d 650, 653 (2011).

The family court may order TPR upon finding one or more of eleven statutory grounds is met and finding TPR is in the child's best interests. S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2013). "In a TPR case, the best interest of the child is the paramount consideration." *Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 95, 627 S.E.2d 765, 770 (Ct. App. 2006). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010).

"[P]rocedural rules are subservient to the court's duty to zealously guard the rights of minors." *Joiner ex rel. Rivas v. Rivas*, 342 S.C. 102, 107, 536 S.E.2d 372, 374 (2000). "[The] duty to protect rights of minors has precedence over procedural

rules otherwise limiting the scope of review[,] and matters affecting the rights of minors may be considered by an appellate court for the first time on appeal or even on its own motion." *Ex parte Morris*, 367 S.C. 56, 65, 624 S.E.2d 649, 654 (2006) (citing *Ex parte Roper*, 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970)).

Having conducted a de novo review of the record, we affirm the family court's finding that DSS failed to prove by clear and convincing evidence any statutory grounds for TPR as to Mother. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 335, 741 S.E.2d 739, 745 (2013) ("[W]hen DSS seeks TPR pursuant to section 63-7-2570, the allegations supporting that termination must be proved by clear and convincing evidence.").

The record does not contain clear and convincing evidence Mother abused or neglected Children and it was unlikely her home could be made safe within twelve months. *See* S.C. Code Ann. § 63-7-2570(1) (Supp. 2013) (stating a statutory ground for TPR is met if the children have been harmed while living in the parent's home, "and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months"). Mother completed parenting classes, improved the child safety features of her house, and submitted photographs of her house showing it was no longer cluttered. A DSS caseworker testified she visited Mother's home and acknowledged Mother fixed the safety hazards in her home. Mother's neighbor testified she did not believe Children had ever been in an unsafe environment. Additionally, Mother regularly visited her other children, and these visits were unsupervised.

Although DSS alleged Mother was in a relationship with a registered sex offender, the evidence regarding this allegation was inconclusive. *See Shake v. Darlington Cnty. Dep't of Soc. Servs.*, 306 S.C. 216, 221, 410 S.E.2d 923, 925 (Ct. App. 1991) ("The evidence on this issue is, at best, sketchy and is inadequate to meet the standard required to terminate parental rights."). Similarly, although the circumstances surrounding the youngest child's burn incident are troubling, we defer to the family court's evaluation of Mother's credibility in finding the child's injuries "were accidental and do not appear to be intentionally inflicted." *See Lewis*, 392 S.C. at 388, 709 S.E.2d at 653 (stating an appellate court is not required to ignore the fact the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony). Therefore, we find DSS did not present clear and convincing evidence to support this ground for TPR.

The record also does not contain clear and convincing evidence Mother failed to remedy the conditions that caused the removal of Children. *See* S.C. Code Ann. § 63-7-2570(2) (2010) (stating a statutory ground for TPR is met if the children have been removed from the parent's home for a period of six months, and during that time the parent did not remedy the conditions that caused the removal). Mother improved the child safety features of her house, completed parenting and anger management classes, obtained full-time employment, and secured her own housing. She paid for and obtained a psychological evaluation and habitually paid child support, albeit every fifth month. Finally, Mother attended most visits with Children, despite not having transportation to some visits. *See Loe v. Mother, Father, & Berkeley Cnty. Dep't of Soc. Servs.*, 382 S.C. 457, 459, 468-69, 675 S.E.2d 807, 809, 813 (Ct. App. 2009) (finding the mother remedied the conditions that caused her children's removal because she regularly visited her children and completed a placement plan requiring her to maintain employment and pay child support). Therefore, we find Mother remedied the conditions that caused Children's removal.

Because no statutory ground supports termination of Mother's parental rights, we need not consider whether terminating Mother's parental rights would be in Children's best interests. *See Stinecipher v. Ballington*, 366 S.C. 92, 101 n.7, 620 S.E.2d 93, 98 n.7 (Ct. App. 2005) ("[A] family court need not reach best interest when no ground for termination exists."); *Loe*, 382 S.C. at 471, 675 S.E.2d at 815 ("Because no statutory ground supports termination of Mother's parental rights to Daughter or Son, we need not consider whether terminating Mother's rights would be in her children's best interests."). Thus, we affirm the family court's order to the extent it denied TPR as to Mother.

However, we remand this case so the family court can issue specific rulings regarding the fathers' parental rights. *See generally S.C. Dep't of Soc. Servs. v. Vanderhorst*, 287 S.C. 554, 561, 340 S.E.2d 149, 153 (1986) (remanding a TPR case and directing the family court to conduct a rehearing on the issues of whether a mother's children should be removed from her custody and whether her parental rights should be terminated). In its final order, the family court denied TPR as to Mother and included the following footnote: "The [c]ourt did not rule on the termination of parental rights case as it pertains to the defendant/fathers." Besides dismissing Christopher A. from all future actions concerning Children, the family court made no rulings regarding Christopher A.'s, Hector S.'s, Christopher M.'s, and Odel S.'s individual parental rights. Therefore, we remand for a determination of these fathers' parental rights.

On remand, the family court must determine whether any statutory grounds for TPR were met as to any of Children's fathers, and if so, whether TPR of any of the fathers is in Children's best interests. *See id.* ("On remand, the best interests of the children shall, of course, continue to be the paramount consideration.").

Accordingly, the order of the family court is

**AFFIRMED IN PART AND REMANDED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.