19274

Jan T. SHARPE, Respondent, v. Joan Scott SHARPE, Appellant
(183 S. E. (2d) 325)

*Messrs. John Gaillard Martin and Bernard Manning,* of Columbia, *for Appellant,*

*Luther M. Lee, Esq., Lee & Ball, P.A.,* of Columbia, *for Respondent,*

August 20, 1971.

BUSSEY, Justice.

This controversy involves the custody of Connie Janine Sharpe, the nine year old daughter of the parties who were divorced in Richland County in November 1966. An agreement between the parties as to the custody of and support for Connie, visitation rights, etc. was incorporated in the

divorce decree. By such agreement and decree, the mother was awarded custody but the father was accorded visitation rights on Thursday afternoon of each week and certain other visitation rights on every other weekend.

The latter part of August 1968, the mother was offered employment in Houston, Texas, which was for her a promotion and deemed by her to be greatly to the advantage of herself and her child. Upon the advice of counsel she, with the child, departed for Texas without notifying the father, who was not informed of their whereabouts for approximately three months. There was no prohibition in the divorce decree against such a move. The father visited Connie for several days in Houston during Christmas 1968, but thereafter he made no further effort to visit her and from early 1969 to mid 1970 made no effort to contribute to her support.

The instant proceeding was commenced by the father in February 1970, and reached a hearing before the standing master of Richland County on June 22, 1970. In his petition the father alleged that the mother was not a fit and proper person, morally, to have the custody of the child and sought to obtain full custody himself. At the hearing there was a total failure of proof on his part as to the alleged unfitness of the mother, the evidence being to the effect that Connie and the mother were well situated in Texas, with Connie being happily and properly cared for. The master actually made no findings of any facts pertinent to the present controversy other than the respective residences of the parties and that it was too late to make any visitation or custody change for the summer of 1970, the master's report being dated September 3, 1970. Under "findings of fact" he made numerous recommendations, including the recommendation that the father should have the custody of Connie from June 15 to August 15 of each year, beginning in 1971. Upon exceptions to the master's report, the Richland County Court adopted the recommendations of the master and confirmed his report

but additionally ordered the father to pay arrears for the support of Connie, a matter at issue either overlooked or ignored by the master. The mother has appealed challenging only the award of custody to the father for the period of June 15 to August 15 of each year.

We conclude that the lower court was in error and reverse such holding. Unfortunately, the pressure of an extremely heavy docket prevented this case from reaching this Court and being considered and decided by it in time to afford the appellant mother any relief during the summer of 1971.

The master's report was clearly not in compliance with Sec. 10-1412 of the Code. See *Elrod v. Elrod,* 230 S. C. 109, 94 S. E. (2d) 237. Since neither the report nor the decree contained sufficient pertinent or relevant findings, of fact, it is impossible to know what fact, if any, other than the distance between Columbia and Houston, Texas, was the foundation for the decree of divided custody.

In the very recent case of *McGregor v. McGregor,* 255 S. C. 179, 177 S. E. 2d 599 (1970), we had occasion to consider the distinction between "visitation" and "divided custody." We quoted with approval from 24 Am. Jur. (2d) 920, Divorce and Separation, Sec. 809, the general rule to the effect that "possession for a period of time such as a month or two, or during the summer months, is termed 'divided custody'." In the also very recent case of *Mixson v. Mixson,* 253 S. C. 436, 171 S. E. 2d 581 (1969), we held that the best interest and welfare of children demands that divided custody be avoided if possible, and that such will not be approved except under exceptional circumstances or for strong and convincing reasons. In Mixson we also held that "In order to change the custody, however, there must be a showing of changed circumstances accruing subsequent to the entry of the decree and warranting a modification with a view to the personal welfare of the children."

A final decree of divorce awarding custody inaccordance with an agreement of the parties is conclusive between them in the absence of a change of circumstances affecting the welfare of the child. Otherwise stated, the change of circumstance relied on for a change of custody must be such as would substantially affect the interest and the welfare of the child, not merely the parties, their wishes or convenience, and it is incumbent upon the moving party to show that the welfare of the child requires the court to ignore and set aside the agreement of the parties incorporated in the decree. *Ford v. Ford,* 242 S. C. 344, 130 S. E. (2d) 916; *Pullen v. Pullen,* 253 S. C. 123, 169 S. E. (2d) 376.

With these controlling principles set forth, we briefly examine the factual situation. No proof of unfitness as to either parent was even offered, and, as above stated, Connie is well and happily situated with her mother, who is buying a home in a good neighborhood in Texas where she lives with her daughter and mother. On the other hand, the father is living in a rented trailer in a trailer camp at a public boat landing on Lake Murray. He testified that he was planning to marry a lady with three children and that he expected to acquire a home for his intended new family but first wanted to get the matter of custody of his daughter settled. He also testified that his parents would help care for the child, but he offered neither his parents nor his fiancee as witnesses to testify that they were in accord with his desire for custody or that they would cooperate in taking care of the child. The father testified that he planned to put the child in a nursery while he was at work, but he had made no inquiry as to any particular nursey or just what arrangements could be made. Briefly stated, his plans for taking care of his daughter, if awarded custody, were most vague and indefinite and unsupported by any evidence other than his own testimony.

The move to Texas, as a practical matter, of course prevented the father from enjoying the visitation rights

previously agreed upon and decreed, in the absence of the father himself moving to Texas, and this is, of course, unfortunate. On the other hand, the evidence is clearly to the effect that the move by the mother was in the best interests of both herself and her child and was not made for the purpose of depriving the father of any rights. It is in the best interest of the child that there be some practical modification so as to accord the father some reasonable right of visitation in view of the changed residence of the mother and child. Such may prove a bit difficult, but it is not at all impossible. Both parties are of moderate circumstances, but, according to the testimony of the father, round trip air fare between Columbia and Houston is only $128.10. The record shows that the father can easily afford such fare more than once a year, particularly in view of the quite modest amount he is being required to pay for the support of his daughter. The mother is clearly willing for the daughter to be visited in Texas, or to visit her father upon some satisfactory arrangement being made for her care during such visits.

While a reasonable modification of the decree is indicated with respect to visitation rights of the father, he has failed to show wherein the welfare of the child would be served by the divided custody arrangement recommended by the master and decreed by the lower court. We are convinced that the best interest and welfare of children demand that divided custody be avoided, if reasonably possible, and here no exceptional circumstances or strong and convincing reasons have been shown for approving such.

The judgment below is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

Moss, C. J. and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.