21831

Albert D. McALISTER, Respondent, v. Suzette N. PATTERSON, Appellant.

ˋ *L. Paul Barnes*, of *Ward, Howell, Barnes, Long, Hudgens & Adams*, and *Bobby M. Pruitt*, of *Boyd, Rice & Pruitt*, Spartanburg, *for appellant*.

*Richard T. Townsend*, of *Townsend & Thompson*, Laurens, *J. Kendall Few*, Greenville, and *Randall T. Bell*, of *McNair, Glenn, Konduras, Corley, Singletary, Porter & Dibble*, Columbia *for respondent*.

Dec. 21, 1982.

GREGORY, Justice:

Suzette N. Patterson appeals from a family court order restraining her from removing her minor child from Laurens County, or in the event she moves, granting custody of the child to his father, respondent Albert D. McAlister. We affirm.

Appellant and respondent were divorced on August 7, 1980, after one year's separation. Pursuant to a Property Settlement Agreement between the parties dated August 6, 1979, custody of their minor son was vested in appellant.

Appellant married her present husband September 9, 1980. Approximately one year after her remarriage, appellant and her present husband decided to move to Washington, D. C. because he was dissatisfied with his job in Laurens. Upon learning of their imminent move, respondent petitioned the family court for an order restraining appellant from removing their son from Laurens.

At the hearing respondent testified he had provided appellant with a home valued at $100,000, an automobile, furniture and jewelry valued in excess of $31,000, a trust worth approximately $160,000, and one-half interest in a vacation home in the mountains in return for which appellant agreed to remain in Laurens with their son until he became emancipated. Appellant did not dispute respondent's testimony that he provided her with these assets, none of which was accumulated during their marriage. She acknowledged her intention at the time of their separation was to live in Laurens, but claims she made no promise to "chain myself to the Laurens County Court House" until the son became emancipated.

It is well established that in matters of child custody, the primary or paramount consideration is the welfare of the child. The trial judge found the agreement whereby the wife would remain in Laurens County had been entered into, but based his decision solely upon what was in the best interest of the child. The trial judge also found both parents were fit and proper persons to have custody of the minor child. He further found that the child's best interest would be advanced by his remaining in Laurens County:

I further find that the petitioner [respondent Albert D. McAlister] and the minor child have a very close and loving relationship, and as stated by Dr. Melmoth S. Patterson, called as an expert by the respondent [appellant Suzette N. Patterson], coparenting is important, and especially in that the minor child is a male and needs frequent contact with the father, the non-custodial parent.

I further find that it is in the child's best interest that he have contact with his grandparents and great-grandparent, all of whom live within thirty (30) miles of the County of Laurens, State of South Carolina . . .

I find that the child is a happy, well-adjusted child of tender years; that a healthy father-son relationship exists between the petitioner and his son, which will be materially impaired if the proposed move is allowed; that there is no pressing need existing which would justify the proposed move; and that the best interest of the child would be advanced by his continued residence in Laurens County.

As a rule, the presumption is against removal of the child. *Koon v. Koon*, 203 S. C. 556, 28 S. E. (2d) 89 (1943); *King v. King*, 202 Ga. 838, 44 S. E. (2d) 791 (1947); *In re De Ford*, 226 N. C. 189, 37 S. E. (2d) 516 (1946); *Pugh v. Pugh*, 133 W. Va. 501, 56 S. E. (2d) 901 (1949). In situations where removal will benefit the child, removal has been allowed. *See, e.g., Watkins v. Rose*, 115 S. C. 370, 105 S. E. 738 (1921); *Duncan v. Duncan*, 293 Ky. 762, 170 S. W. (2d) 22 (1943); *D'Onofrio v. D'Onofrio*, 144 N. J. Super. 200, 365 A. (2d) 27 (1976); *Arnold v. Arnold*, 67 Ohio App. 282, 36 N. E. (2d) 430 (1941); *Bennett v. Bennett*, 228 Wis. 401, 280 N. W. 363 (1938).

While this Court is free to find facts based on our view of the preponderance of the evidence, *Brown v. Brown*, S. C., 292 S. E. (2d) 297 (1982), the trial judge, who observes the witnesses and is in a better position to judge their demeanor and veracity, is given broad discretion. *Peay v. Peay*, 260 S. C. 108, 194 S. E. (2d) 392 (1973).

We agree with the trial judge that removal of the child from his familiar surroundings to a place where he would be among strangers would not benefit the child. Rather, it would be detrimental not only to the healthy father-son relationship but also to the relationships with his great-grandmother, who has vested visitation rights, his grandparents and his great aunt.

The trial judge found the best interest and welfare of the minor child would best be served by his remaining in Laurens County with his father, friends and other relatives. His judgement is surely a reasonable one which is amply supported by

the evidence in the record. We find no abuse of discretion. Therefore, the order of the family court is affirmed.

Affirmed.

LEWIS, C.J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.