1703

Constance O. ECKSTEIN, Appellant v. James Allen ECKSTEIN, Respondent.

(410 S.E. (2d) 578)

Court of Appeals

*Charles W. Jones*, Spartanburg, *for appellant.*

*J. Bruce Foster*, and *John B. White, Jr.*, Spartanburg, *for respondent.*

*Phillip K. Sinclair, Jr.*, Spartanburg, *for guardian ad litem.*

Heard Aug. 26, 1991.

Decided Oct. 7, 1991.

SHAW, Judge:

Appellant-wife, Constance O. Eckstein brought this action against respondent husband, James Allen Eckstein seeking among other things, a divorce, child custody and support, alimony, equitable distribution and attorney's fees. From an order of the family court, the wife appeals the equitable divi-

sion, child support and attorney's fees awards and a limitation placed on her award of child custody. We affirm in part and vacate in part.

The parties were married August 30, 1980 and have two children who were born in March 1986 and June 1988. The wife has a B.S. degree in engineering from the University of Oklahoma and was employed as an engineer with Monsanto from the beginning of the marriage until February 1987 at which time she left to work for her husband's business, Eckstein Signs. At the time she left Monsanto, the wife was earning between $35,000 and $40,000 annually. The wife quit work in May, 1988, shortly before the birth of their second child. The parties moved to Spartanburg in July of 1981 and the husband, who has a twelfth grade education, started the Eckstein Sign business in September of 1982. In November 1988, the wife filed an action for separate maintenance but later amended her complaint seeking a divorce on the ground of adultery. The husband admitted post-separation adultery and the court granted the wife a divorce on that basis.

Following a hearing on the matter, the family court awarded custody of the two minor children to the wife and ordered the husband to pay child support of $538.00 per month based on the child support guidelines, taking into consideration the husband's gross income of $2,168.27 per month and the wife's ability to earn gross income of $2,833.33 per month. The court further placed a limitation on the wife's custody, requiring the wife to reside within a 250 mile radius of Spartanburg. The trial judge equitably divided the marital property awarding each party a 50% interest, and valued the sign business at $80,000.00. He further awarded the wife $1,000.00 in attorney's fees.

During the pendency of this appeal, the husband petitioned for a change of custody, child support and alimony based on a change of circumstances in that the wife had moved to Huntsville, Alabama and was employed at Boeing Aerospace Company as an engineer. As a result of a family court order on husband's petition, the wife has stipulated the only issues left on appeal are the limitation of child custody, attorney's fees, equitable division and the amount of child support awarded to the wife prior to her obtaining employment.

The wife first contends the trial judge erred in requiring her to reside within a 250 mile radius of Spartanburg. The trial judge merely found that this limitation was warranted so that the children would suffer no adverse effect from not being allowed to see their father regularly. In his order on reconsideration, the trial judge summarily found the requirement to be in the best interest of the children and that to do otherwise would be detrimental to their well-being. While, as a rule, the presumption is against removal of a child from the state,[1] we find the limitation imposed by the trial judge to be inappropriate under the facts of this case. There are no findings of fact showing such a limitation is in the best interest of the children. To the contrary, the record shows the wife was required to seek employment in order to assist the husband in providing for the children. The wife testified she had contacted her former employer, Monsanto, and that the company had been sold necessitating the lay-off of thirteen salaried engineers. It is highly conceivable the wife would be forced to move to another state in order to maximize her employment potential as an engineer. Further, the wife testified she has no family living in South Carolina and, to her knowledge, neither does the husband. Under the facts of this case, we find the imposition that the wife live within a 250 mile radius of Spartanburg to be inappropriate, and therefore vacate that portion of the order. We note that such a requirement is, at best, premature, in that no facts were developed to show it was in the best interest of the children. We further note that, should circumstances develop that are not in the best interests of the children, the husband is free to petition for a change of custody based on that change of circumstances.

The wife next contends the trial judge erred in determining child support based on her potential income.

Because the subsequent order redetermined child support based on the wife's current employment, she seeks only a recalculation for the months she was unemployed. In setting child support, the trial judge, though not required to at the time, adhered to the child support guidelines. In so doing he found the wife was capable of earning a gross income of $2,833.33 per month. Clearly, under the guidelines, the trial

---

[1] *McAllister v. Patterson*, 278 S.C. 481, 299 S.E. (2d) 322 (1982).

judge properly considered the potential income of the wife. *See* 27 S.C. Code Ann. Regs. 114-47-20 (Cumm. Supp. 1990). Further, while the wife contends the trial judge erred in considering her potential income when she was responsible for the care of two young children, the record shows the trial judge specifically included child care costs in his determination. We therefore find no error.

The wife further contends the trial judge erred in the equitable division award by valuing the sign business at $80,000.00. Given the record before us, we find no abuse of discretion in such a determination. A review of the record also discloses no abuse of discretion in awarding the wife $1,000.00 in attorney's fees. The order below is therefore affirmed in part and vacated in part.

Affirmed in part, vacated in part.

SANDERS, C.J., and BELL, J., concur.

