1743

Richard Bradley VanNAME, Appellant v.
Margaret J. VanNAME, Respondent.

(419 S.E. (2d) 373)

Court of Appeals

*Albert D. McAlister,* of *McAlister & McAlister,* Laurens, and *Bradford N. Martin, Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Robert M. Ariail,* of *Mitchell & Ariail,* Greenville, *for respondent.*

Heard Nov. 6, 1991; Decided Jan. 6, 1992.

Reh. Granted Feb. 7, 1992; On. Reh. June 12, 1992.

LITTLEJOHN, Acting Judge:

The parties to this proceeding were divorced by the family court in May of 1989. Custody of their minor children was granted to the mother. It was contemplated, as indicated in the decree itself, that she would be moving from Greenville which had been the home of the couple. This action was commenced two months later by Plaintiff-Appellant, Richard Bradley VanName (the father) against the Defendant-Respondent, Margaret J. VanName (the mother) seeking to restrain the mother from moving the parties' three minor children from Greenville County to the State of Virginia near Washington, D.C., or alternatively that custody be taken from the mother and given to the father. Relevant portions of the mother's answer amounts to a general denial. The trial judge left custody of the children with the mother. The father appeals. We affirm.

## FACTS

The children involved are: Bradley, age 9; Matthew, age 6; and Megan, age 5. The family lived together in Greenville prior to the divorce in 1989. The mother was granted a divorce on the ground of adultery which is admitted by the father.

Prior to the mother's divorce, the father's paramour harassed the mother by way of telephone. The mother testified: "His mistress had been harassing me over the telephone to where I had to get the phone people to tap my telephone and I had to get the police involved. . . ." A warrant was taken for her, but the results of that proceeding do not appear in the record. The father continues his relationship with this woman.

From the Decree of Divorce the father served "Notice of Intent to Appeal" but abandoned the appeal when the mother

agreed not to move the children to Virginia. The trial judge found that her agreement was coerced by the father who had, at least debatably, wrongfully refused to consent to the sale of the homeplace as ordered by the trial judge.

The judge did not find either parent unfit. In essence the judge found that both parties came to court with unclean hands.

## ISSUES

There are two basic issues for determination on this appeal: (1) Has a change of circumstances been shown as to warrant a change of custody? and (2) Should the mother be ordered to return to Greenville with the children so as to make the visitation by the father more convenient to him?

Our cases are legion to the effect that the best interests of minor children are paramount. In order to determine the best interests of these three children, we envision, as best we can from the record before us, the circumstances under which the children would be living if custody is continued with the mother or changed to the father.

## MOTHER'S CIRCUMSTANCES

When the mother was married and living in Greenville, she had a part-time job working at a bank. She is patently without fault in bringing about the divorce. She has no family connections in the Greenville area but has a sister in Virginia, where she lives, who assists her with the children. She is now employed full time by a bank, earning approximately $18,000 per year in a managerial capacity. She testified that she felt that the job market in northern Virginia was advantageous to her. She lives in an apartment and pays $750 per month rent.

## FATHER'S CIRCUMSTANCES

The father is a graduate of Clemson University in architecture. He is employed as such by the Greenville County School System. His income is not indicated in the record before us. He now occupies an apartment. He admits that his paramour stays overnight in his residence but ". . . never stayed overnight at my apartment when my children were there." He has relatives in the Greenville area. The record is silent as to how he might care for the three children if custody were granted him, consistent with his full-time employment.

## LAW/ANALYSIS

As between the two environments described herein-above, this Court has no hesitancy in finding that the best interests of the children demand that they remain in the custody of the mother.

We do not think the trial judge abused his discretion in finding that the mother should not be required to move back to Greenville. While it is true that the Court may, as in the case of *McAlister v. Patterson*, 278 S.C. 481, 299 S.E. (2d) 322 (1982), require a parent to live in a particular area, that authority should be exercised sparingly. There was a time when judges in criminal cases would require a defendant under a suspended sentence to live outside the county or state, but such is no longer permitted. Forcing a person to live in a particular area encroaches upon the liberty of an individual to live in the place of his or her choice.

Argument by counsel of the father is more centrally devoted to his client's inconvenience in traveling to Virginia than to the best interests of the children. The father is in a better position to suffer the expense and inconvenience of travel incident upon visitation of the children than is the mother.

Where the granting of custody of a child is at issue, the law allows the trial judge substantial discretion. In determining a matter of change of custody, a similar discretion is permitted. Commenting upon the factual situation, the trial judge, in his Order, stated as follows:

> . . . The move by the Defendant [mother] to northern Virginia is not unreasonable and was anticipated at the time of the final divorce decree. It was specifically mentioned by the Court in the final divorce decree dated may 12, 1989. Although the move is a change of circumstances it does not significantly affect the well being and overall interest of the minor children. Standing alone it does not form a basis for a transfer of custody.

In so ruling, we find no abuse of discretion. The father would rely in large measure upon the case of *McAlister v. Patterson, supra*. In that case the trial judge ruled that the mother could not take the child out of the home county. The Supreme Court affirmed. Here the trial judge ruled to the

contrary. The rulings by both courts were within the discretion of the trial judge. We find no problem in reconciling the two rulings under the facts presented to the Court. In each instance, the Court properly considered the best interest of the children.

All issues submitted by way of exceptions and questions in counsel's brief have been considered and found to be without merit.

Affirmed.

GARDNER, J., concurs.

GOOLSBY, J., dissents in separate opinion.

GOOLSBY, JUDGE (dissenting):

I respectfully dissent.

The children's move to northern Virginia is not in their best interests because it deprives them of the close relationship they enjoyed with their father. *See Thompson v. Brunson,* 283 S.C. 221, 321 S.E. (2d) 622 (Ct. App. 1984) (in custody matters the paramount consideration is the children's best interests).

While the parents were married, the father helped care for the children by performing such duties as bathing and dressing them. He also participated in sports and after-school activities with his children.

Now the father is forced to make a sixteen-hour round-trip drive to see his children. He must visit with the children in a hotel room. Not only is this situation financially and physically draining for the father, but, most importantly, it diminishes both the quality and quantity of time the father spends with his children. This situation makes it difficult, if not impossible, for the father to maintain the close relationship he has developed with his children.

Moreover, I fail to see any pressing need that justifies the move. Although the mother has a better job in Virginia than she had in Greenville, she admits she did not look for a job with another employer in Greenville.

Finally, although the majority notes the mother's move was contemplated at the time of the divorce, the divorce decree explicitly states, "The Court made the determinations set forth in the present order based upon the circumstances that

existed at the time of the final hearing *and did not take into consideration any changes occasioned by [the mother's] move from the Greenville area.*" (Emphasis added.)

I, therefore, would reverse the family court's decision and order the mother either to return to the Greenville area with the children or to relinquish their custody to the father.