588 S.E.2d 102

**Charles Edward DAVIS, Petitioner,**

v.

**Mary Lu DAVIS, Respondent.**

**No. 25735.**

Supreme Court of South Carolina.

Heard May 29, 2003.
Decided Oct. 13, 2003.
Rehearing Denied Nov. 19, 2003.

Douglas Kosta Kotti, of Columbia, and Timothy S. Mirshak, of Augusta, GA, for Petitioner.

C. Dixon Lee, III, of McLaren & Lee, of Columbia, and Vicki Johnson Snelgrove, of Johnson, Johnson, Whittle & Snelgrove, of Aiken, for Respondent.

James L. Verenes, of Fox & Verenes, of Aiken, for Guardian Ad Litem.

Justice BURNETT:

Charles Edward Davis ("Father") appeals the decision of the court below awarding custody of Child to Mary Lu Davis ("Mother"). *Davis v. Davis,* Op. No.2001–UP–360 (Ct.App. filed July 12, 2001). We reverse.

### FACTS

Father and Mother were married in December 1992. Child was born in March 1995. During the first 26 months of

Child's life, Father and Mother mutually agreed Mother would remain home as Child's primary caregiver. Father continued work outside of the home, but remained actively involved in Child's life. Father assumed a greater caregiver role upon Mother's returning to work outside the home.

Father and Mother separated in October 1997. Mother retained temporary custody of Child while Father had visitation rights including custody of the Child every other weekend. Additionally, Mother worked amicably with Father to ensure he could see his son during the week.

At the final custody hearing, Mother stated she intended to move to Beaufort if she won custody to be nearer to relatives. She testified she would not move if Father were awarded custody.

The Child has lived in Aiken since birth; attended the same day care for several years; had a network of regular friends with whom he played; and his doctors were in the Aiken area.

Both the court-appointed psychologist and the guardian ad litem testified the decision to award custody was an extremely close question. Ultimately each concluded the Mother should be granted custody of Child, provided she remain in Aiken. If she returned to Beaufort, both determined it would be in Child's best interest that custody be granted to Father. The psychologist noted moving to Beaufort would not be in Child's best interest because it would limit contact with Father, resulting in a negative impact on their relationship and, thus, a negative impact on Child.

The family court awarded custody to Father, and granted liberal visitation rights, telephone access, and records access to Mother. The Court of Appeals reversed.

## ISSUE

Did the Court of Appeals err in reversing the family court's grant of custody to Father because it relied on Mother's testimony that she would move out of the area if granted custody?

## DISCUSSION

■ While child custody cases are always difficult, the process is often further eroded by the actions of the parents

who seek to place their own interests over those of their child. This is not so with the case before us. With few exceptions this case has been noted for its lack of acrimony between Father and Mother, with each parent striving to do what is in their son's best interests. The parents present this Court with the rare case where we can be assured that either parent is capable of providing a safe, stable, and loving home for the child.

■ We are guided by several principles in reviewing a custody order. First, an appellate court may find facts in accordance with its own view of the preponderance of the evidence. *Rutherford v. Rutherford*, 307 S.C. 199, 414 S.E.2d 157 (1992).

■ Second, the appellate court need not disregard the findings of the family court or ignore the fact the family court judge, who observed the witnesses, was in a better position to judge their credibility and assign comparative weight to the testimony. *Cherry v. Thomasson*, 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981). This degree of deference is "especially true in cases involving the welfare and best interests of children." *Dixon v. Dixon*, 336 S.C. 260, 262–63, 519 S.E.2d 357, 358–59 (Ct.App.1999).

■ Third, "[t]he welfare of the child and what is in his/her best interest is the primary, paramount and controlling consideration of the court in all child custody controversies." *Cook v. Cobb*, 271 S.C. 136, 140, 245 S.E.2d 612, 614 (1978); *cf. South Carolina Dep't of Soc. Servs. v. Vanderhorst*, 287 S.C. 554, 340 S.E.2d 149 (1986).

The Court of Appeals concluded the family court erred in awarding custody to Father because Mother was the primary caregiver of their son. The Court of Appeals also relied on the psychologist's and guardian ad litem's testimony that Mother should be the custodial parent.

Importantly, the court agreed with Mother that the family court penalized her for her stated desire to move to Beaufort if she were awarded custody of the Child. The Court of Appeals wrote:

We find it troublesome that Mother, who was [Child's] primary caregiver for all four years of his life until the time

of the final hearing, was recommended to be the custodial parent by both the guardian and the court-appointed psychologist, yet she was denied custody based on a contingency, i.e., a move that has never occurred. Mother has never moved to Beaufort and has continued to live in Aiken to be near her son since the final custody hearing.

. . . .

We find . . . that it would be unjust under the circumstances to penalize Mother based on a contingency that has not transpired and that Mother should have been awarded custody.

*Davis, supra* at 5–6.

Initially we note this is not a case where a custodial parent requests a modification of a custody order to move the child from a particular area. *See, e.g., McAlister v. Patterson,* 278 S.C. 481, 299 S.E.2d 322 (1982); *Rice v. Rice,* 335 S.C. 449, 517 S.E.2d 220 (Ct.App.1999); *Eckstein v. Eckstein,* 306 S.C. 167, 410 S.E.2d 578 (Ct.App.1991); *Cf.* S.C.Code Ann. § 20–7–420(30) (Supp.2000). Rather this case presents us the novel question whether a parent's avowed desire to move if awarded custody may be a factor in determining custody. We believe it may be.

Mother's stated desire to move if granted custody becomes one of many factors the family court must consider when determining whether it is in the Child's best interest to be in the custody of Mother or Father. Her desire to move is simply one factor in a constellation of relevant factors that a family court judge must consider when making the paramount determination of the best interest of the child.

In cases where custody is a close question, as here, it may become the deciding factor. That it may be the deciding factor causes no more of a constitutional infirmity than if the deciding factor is based upon one parent having been the child's primary caregiver.

Both the court-appointed psychologist and guardian ad litem testified it would be in Child's best interest to be with Mother. However, their recommendations changed when they considered Mother's desire to move to an area several hours away.[1]

---

1. The Court of Appeals opinion improperly relies on the fact that Mother had not moved to Beaufort. The court's reliance on this matter

Under such a scenario both recommended Father receive primary custody of Child.

Each expressed concern that moving Child away from Father would impair the critical father-son bond which was strongly present in the two. In other words, such a move would not be in the child's best interest.[2]

A court's paramount concern in determining which parent shall have custody is to protect the best interest of the child. The preponderance of the evidence demonstrates that it is in Child's best interest to be with Father in Aiken.

We **REVERSE.**

TOAL, C.J., and WALLER, J., concur.

MOORE, J., dissenting in a separate opinion in which PLEICONES, J ., concurs.

Justice MOORE:

I respectfully dissent. Mother should not be penalized for her intention to move. As provided in S.C.Code Ann. § 20-7-420(30) (Supp.2002), a custodial parent cannot be prohibited from moving absent a compelling reason:

[T]he court may not issue an order which prohibits a custodial parent from moving his residence to a location within the State unless the court finds a compelling reason or unless the parties have agreed to such a prohibition.

The custody decision here essentially turned on the single factor of Mother's expressed intention to move. Rather than prohibit the move, the family court simply denied custody, a

is improper for two reasons. First, the fact is outside of the record and therefore should not be considered. Rule 210(h), SCACR. Second, Mother testified that she would stay in Aiken if Father were granted custody. Since the family court awarded custody to Father, Mother's presence in Aiken is neither surprising nor relevant to the issue of whether Mother would move to Beaufort if granted custody of the Child.

**2.** A host of other factors further supported the family court in determining Child's best interests was served by remaining in the Aiken area. Child had lived in the area his entire life. He had a network of friends as well as an excellent day care facility that he attended.

decision that in my opinion violates the spirit of § 20–7–420(30).

The preponderance of the evidence does not indicate a compelling reason to deny Mother custody because of her intent to move. Accordingly, I would affirm the Court of Appeals and award Mother custody.

PLEICONES, J., concurs.