THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Gina Marlowe McDowell,       
Appellant,
 
 
 

v.

 
 
 
Kevin L. McDowell,       
Respondent.
 
 
 

Appeal From Horry County
James F. Fraley, Jr., Family Court 
 Judge

Unpublished Opinion No. 2004-UP-028
Heard December 11, 2003 Filed January 
 16, 2004

AFFIRMED AS MODIFIED

 
 
 
J. Michael Taylor, of Columbia, and Joseph O. Burroughs, 
 Jr., of Conway, for Appellant.
Michael W. Self, of Sumter, and Robert L. Widener, of Columbia, for Respondent.
 
 
 

PER CURIAM:       
This 
 is a post-divorce relocation case in which Gina Marlowe McDowell (Mother) remarried 
 and seeks to move to Raleigh, North Carolina with the parties two children.  
 The family court denied her relocation request and ordered that if Mother relocated 
 to Raleigh, custody of the children would transfer to Kevin L. McDowell (Father).  
 We affirm as modified.
FACTS
The parties were married in 1989 and 
 their two children were born in 1991 and 1993.  In 1998, a divorce decree was 
 filed which incorporated and merged into it an agreement resolving child custody, 
 visitation, and support.  The agreement designated Mother as the primary custodial 
 parent for the two children.  Throughout the marriage and subsequent 
 to the divorce, the parties have resided in Conway, South Carolina. 
The agreement specified Fathers visitation 
 schedule, which included:  1) alternating weekends from Friday at 6:00 p.m. 
 until Monday morning; 2) one weeknight per week; 3) four weeks in the summer; 
 4) splitting Christmas holidays and spring break; 5) alternating Easter, Thanksgiving 
 and Halloweens; and 6) providing Fathers Day and Fathers birthday visitation 
 to Father.  The agreement also provided that the parties believed it is in the 
 best interest of the children for both parents to be actively involved in their 
 lives.   Finally, the agreement placed no restrictions on relocation.  
Mothers new husband is a member of 
 a band, which is based in Raleigh, North Carolina.  She brought this action 
 seeking to modify the custody agreement to allow her to relocate to Raleigh 
 due to her remarriage and because she believes it in the best interest of the 
 children.  Father sought to maintain the current visitation arrangements and 
 argued his visitation would be diminished, as would his ability to remain active 
 in the childrens activities.  Father sought a change of custody and a restraining 
 order prohibiting Mother from relocating with the children. 
A temporary restraining order was issued 
 prohibiting Mother from relocating.  Additionally, the order required psychological 
 evaluations of the parties and children, and it appointed a Guardian ad Litem.  

The family court entered its final ruling 
 enjoining Mother from relocating the children from the State of South Carolina.  
 The order further provided custody would change to Father if Mother moved to 
 North Carolina.  The order also adjusted the amount of child support to be paid 
 by Father.  Finally, the order required Mother to pay $5,000.00 towards Fathers 
 attorneys fees.  Mothers motion for reconsideration was denied. 
Mother filed an emergency motion to 
 stay the decision.  The family court denied the stay.  Mother subsequently filed 
 with this Court a petition for writ of supersedeas, which was also denied.  
 This appeal follows.
STANDARD OF REVIEW
In appeals from all equity actions 
 including those from the Family Court, the appellate court has authority to 
 find facts in accordance with its own view of the preponderance of evidence. 
 Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  
 This broad scope of review, however, does not require us to disregard the family 
 courts findings.  Stevenson v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 
 616, 617 (1981).  Similarly, we are not obligated to ignore the fact the family 
 court judge, who saw and heard the witnesses, was in a better position to evaluate 
 their testimony.  Smith v. Smith, 327 S.C. 448, 453, 486 S.E.2d 516, 
 519 (Ct. App. 1997).  This is especially true in cases involving the welfare 
 and best interests of children.  Aiken County Dept of Soc. Servs. v. Wilcox, 
 304 S.C. 90, 93, 403 S.E.2d 142, 144 (Ct. App. 1991).  Moreover, our broad scope 
 of review does not relieve the appellant of the burden of convincing this Court 
 that the family court committed error.  Skinner v. King, 272 S.C. 520, 
 523, 252 S.E.2d 891, 892 (1979).
DISCUSSION
I.         
Relocation
Mother maintains 
 the family court erred in issuing the restraining order prohibiting her from 
 relocating the children to Raleigh, North Carolina.  She contends the court 
 imposed too harsh of a burden on her to prove it was in the best interest of 
 the children to move, and the facts of the case demonstrate it was in their 
 best interest. [1]   We disagree, 
 and find the court correctly denied Mothers request to relocate and conditioned 
 her custody of the children on her remaining in Conway.
[I]n the absence of a change of circumstances 
 affecting the welfare of the child, a final decree of divorce awarding custody 
 in accordance with an agreement of the parties is conclusive between them.  
 Cook v. Cobb, 271 S.C. 136, 143, 245 S.E.2d 612, 616 (1978) (quoting 
 Sharpe v. Sharpe, 256 S.C. 517, 521, 183 S.E.2d 325, 327 (1971)). In 
 order for a court to grant a change of custody based on changed circumstances, 
 the party seeking the change must meet the burden of showing changed circumstances 
 occurring subsequent to the entry of the order in question.  Hollar v. Hollar, 
 342 S.C. 463, 473, 536 S.E.2d 883, 888 (Ct. App. 2000).  A change in circumstances 
 justifying a change in the custody of a child simply means that sufficient facts 
 have been shown to warrant the conclusion that the best interests of the child 
 will be served by the change.  Skinner, 272 S.C. at 523, 252 S.E.2d 
 at 892-93.  [T]he change of circumstance relied on for a change of custody 
 must be such as would substantially affect the interest and the welfare of the 
 child, not merely the parties, their wishes or convenience.  Sharpe v. Sharpe, 
 256 S.C. 517, 521, 183 S.E.2d 325, 327 (1971).  Remarriage alone is not sufficient 
 to warrant modification of a custody decree.  Pitt v. Olds, 333 S.C. 
 478, 481, 511 S.E.2d 60, 61 (1999).
The welfare of the child and what is in his/her 
 best interest is the primary, paramount and controlling consideration of the 
 court in all child custody controversies.  Davis v. Davis, 356 S.C. 
 132, 135, 588 S.E.2d 102, 103-04 (2003) (quoting Cook v. Cobb, 271 S.C. 
 136, 140, 245 S.E.2d 612, 614 (1978)).  Custody decisions are matters left 
 largely to the discretion of the trial court.  Henggeler v. Hanson, 
 333 S.C. 598, 602, 510 S.E.2d 722, 725 (Ct. App. 1998).  [T]he appellate court 
 should be reluctant to substitute its own evaluation of the evidence on child 
 custody for that of the trial court.  Woodall v. Woodall, 322 S.C. 7, 
 10, 471 S.E.2d 154, 157 (1996).
In terms of the procedural requirements necessary 
 for a partys request for relocation, our Supreme Court has held that there 
 is a presumption in child custody cases against removing children from the state.  
 McAlister v. Patterson, 278 S.C. 481, 483, 299 S.E.2d 322, 323 (1982).  
 The courts of this state have consistently recognized the decision in McAlister.  
 See, e.g., Rice v. Rice, 335 S.C. 449, 453, 517 S.E.2d 220, 222 
 (Ct. App. 1999); Henggeler v. Hanson, 333 S.C. 598, 604, 510 S.E.2d 722, 
 726 (Ct. App. 1998); VanName v. VanName, 308 S.C. 516, 519, 419 S.E.2d 
 373, 374 (Ct. App. 1992); Eckstein v. Eckstein, 306 S.C. 167, 169, 410 
 S.E.2d 578, 580 (Ct. App. 1991); Sealy v. Sealy, 295 S.C. 281, 284, 368 
 S.E.2d 85, 87 (Ct. App. 1988); Marshall v. Marshall, 282 S.C. 534, 541, 
 320 S.E.2d 44, 48-49 (Ct. App. 1984).  A party may rebut this presumption by 
 showing that the move will benefit the child.  Rice v. Rice, 335 S.C. 
 449, 454, 517 S.E.2d 220, 222 (Ct. App. 1999).  Therefore, the question of 
 whether relocation will be allowed requires a determination of whether the relocation 
 is in the best interest of the children, the primary consideration in all child 
 custody cases.  Id.  
This Court has discussed the relevant 
 factors a court may consider in making a decision regarding whether to allow 
 relocation.  Rice v. Rice, 335 S.C. 449, 457-58, 517 S.E.2d 220, 224-25 
 (Ct. App. 1999).  In Rice, the parties married and had three children.  
 Throughout the marriage, the parties primarily resided in Conway, South Carolina.  
 After several separations, the parties separated a final time after approximately 
 five and a half years of marriage.  During the separation, but before either 
 party requested temporary relief, Mother and the children moved to Maine in 
 an area that was twenty miles from Mothers two brothers and her sister.  At 
 the conclusion of the divorce proceedings, the family court granted custody 
 of the children to Mother.  The court, however, determined that Mothers move 
 to Maine would jeopardize the childrens relationship with Father and that the 
 childrens best interest would be served by requiring Mother to return from 
 Maine.  The court ordered Mother to return to South Carolina or any other location 
 within 250 miles of Conway as long as Father resided there.  
On appeal, this Court considered whether the family 
 court properly required Mother to return to South Carolina or to within 250 
 miles of Conway.  In deciding this issue, we recognized that in this state there 
 exists a presumption in child custody cases against removing children from the 
 state.  Id. at 453, 517 S.E.2d at 222.  We also noted that this presumption 
 might be rebutted by a showing that the move will benefit the child. Id. 
 at 454, 517 S.E.2d at 222.  Because South Carolina case law provided limited 
 guidance as to how a court should determine whether an out-of-state move is 
 in the best interest of the children, this Court considered cases from other 
 jurisdictions.  Id. at 456, 517 S.E.2d at 224-25.  After gleaning certain 
 guiding principles from these cases, we applied the established factors to the 
 facts of the Rice appeal.
This Court found most important that the quality 
 of life for the children would be greatly increased by allowing Mother to relocate 
 to Maine.  Id. at 459, 517 S.E.2d at 225.  In Maine, Mother would be 
 able to obtain training, find better long-term employment, receive childcare 
 from the state, and qualify for subsidies allowing the family to move into a 
 four-bedroom apartment.  Additionally, the children would be moving closer to 
 family, who could help care for the children while Mother was receiving her 
 training.  Id.  The Court found Mothers motives were purely to benefit 
 her children and not to frustrate the visitation of Father.  Id. at 460, 
 517 S.E.2d at 226.  Finally, this Court found that the benefits to the children 
 and Mother must be balanced with the detrimental effect the move would have 
 on Fathers visitation.  Id. at 461, 517 S.E.2d at 226.  This Court stated:  
 While the Fathers relationship with the children is extremely important, it 
 is but one of the factors that goes into the sometimes nebulous best-interest 
 determination.  Id. at 462, 517 S.E.2d at 227.  We concluded the best 
 interest of the children would be served by allowing relocation.
In the instant case, we find the family 
 court properly applied the Rice factors in reaching its decision that 
 the best interest of the children would not be served by allowing the relocation.  
 While Mothers income would increase slightly, there would not be a significant 
 difference.  Additionally, Mother attempts to articulate quality of life improvements 
 that would result from a move, including better cultural opportunities, better 
 schools, and better healthcare.  The record provides little evidence of any 
 significant upgrade from the familys current situation in Horry County if the 
 relocation to Raleigh is allowed.  The only major change would be the benefit 
 of being able to live with Mothers new husband closer to his job.  Moreover, 
 the record reflects the children are both performing well in their studies and 
 on standardized tests in their respective Horry County schools. 
Next, we agree with the courts conclusion 
 that neither Mothers nor Fathers actions were motivated by an improper purpose.  
 Based on our review of the record, we find no evidence that Mothers request 
 to relocate was intended to frustrate Fathers visitation rights.  Instead, 
 it stemmed from her desire to live with her new husband near his job.  Furthermore, 
 we believe Father provided legitimate reasons for his opposition to the move 
 that were based on his good-faith desire to maintain a relationship with his 
 children.  
Any move would come at an expense to 
 the visitation and relationship Father enjoys with his children.  While some 
 of his weekday visitation is reduced by his need to work late, he has actively 
 participated in the childrens lives.  He has attended lunches at school and 
 after-school activities.  His ability to participate on a regular basis would 
 be greatly reduced.  This detrimental aspect of the relocation was the focus 
 of the determination by the Guardian ad Litem that relocation was not in the 
 childrens best interest.  Fathers participation in many areas of the childrens 
 lives is too meaningful to allow the move simply on the basis of Mothers remarriage.  
 Furthermore, a move would also limit the childrens contact with the extended 
 family members who reside in the Conway area.  Significantly, there is 
 no such support system in terms of extended family in North Carolina.  
In her argument on this issue, 
 Mother focuses upon Fathers sexual history and activities.   She expresses 
 concern that he has admitted in the past to being a sex addict.  However, Dr. 
 Saylor, the court-appointed psychologist, noted there was nothing to prevent 
 Father from being a qualified parent.  Additionally, Mother believed 
 he was a good Father and offered additional time in the summer to compensate 
 him for the time lost during the school year.  As the Guardian concluded, it 
 is hard to believe Mother would offer additional time for the children to spend 
 with Father if his behavior was seen as a detriment to their development. 
Additionally, in assessing the best 
 interest of the children, we have specifically considered the opinions of the 
 Guardian and Dr. Saylor with regard to relocation.  The Guardian recommended 
 that the children not be allowed to relocate.  He felt it to be in the childrens 
 best interest to remain in Horry County under the current custodial and visitation 
 arrangement.  Dr. Saylor seemed to suggest that the children could benefit from 
 the move and the move would be compatible with their needs and best interest.  
 However, when questioned further, Dr. Saylor did not give a conclusive opinion 
 as to whether it would in fact be in the childrens best interest.  He believed 
 that such a determination could not be done just from a psychological evaluation. 
  Instead, he agreed with the assessment that there was no indication 
 that relocation would be contrary to the childrens best interest.  He 
 also acknowledged that there would be no long-term negative impact on the children 
 if they moved with Mother. 
We recognize that a determination of the best 
 interest of the children is an inherently case-specific and fact-specific inquiry.  
 Rice, 335 S.C. at 458, 517 S.E.2d at 225; see Davenport v. 
 Davenport, 265 S.C. 524, 527, 220 S.E.2d 228, 230 (1975) (In child custody 
 cases, the totality of circumstances peculiar to each case constitutes the 
 only scale upon which the ultimate decision can be weighed.).  As the family 
 court found, the facts of this case weigh strongly in favor of maintaining the 
 current custody and visitation arrangements with both parents residing in Horry 
 County.  Mothers interest in relocating is primarily based upon her remarriage, 
 and the relocation does not have the effect of greatly improving the childrens 
 quality of life.  Under the facts of this case, we find the best interest of 
 the children is served by living in close proximity to Father.  See Pitt 
 v. Olds, 333 S.C. 478, 481-82, 511 S.E.2d 60, 62 (1999) (holding remarriage 
 alone was insufficient to modify existing decree under which Mother, as custodial 
 parent, was required to remain in South Carolina); McAlister, 278 S.C. 
 at 483-84, 299 S.E.2d at 323 (affirming family courts denial of Mothers request 
 to move where childs best interest and welfare would best be served by remaining 
 in South Carolina near Father, friends, and other relatives).  
Accordingly, we find Mother has not rebutted the 
 long-established presumption against removing the children from South Carolina.  
 Although Mother disagrees with this presumption, we have no authority to overrule 
 or modify the decision in McAlister.  See Bain v. Self Meml 
 Hosp., 281 S.C. 138, 141, 314 S.E.2d 603, 605 (Ct. App. 1984), overruled 
 on other grounds by McCall v. Batson, 285 S.C. 243, 329 S.E.2d 741 
 (1985). (Where the law has been recently addressed by our Supreme Court and 
 is unmistakably clear, this court has no authority to change it.); Shea 
 v. State Dept of Mental Retardation, 279 S.C. 604, 608, 310 S.E.2d 819, 
 821 (Ct. App. 1983) (The maintenance of a harmonious body of decisional law 
 is essential to the efficient administration of justice.  Therefore, if the 
 judicial system is to operate efficiently, this court must be bound by decisions 
 of the Supreme Court.).  Therefore, the family courts order regarding relocation 
 and custody is affirmed.  
II.        Child Support 
 Calculation
Mother asserts the family court erred 
 in considering $49.00 in payment for the childrens health insurance when calculating 
 the child support owed by Father.  Father agrees that he does not separately 
 pay for the childrens insurance because it is included in his union payments 
 for his own insurance.  
In considering the insurance, the court concluded 
 Father owed $681.00 in support. As such, we find the court incorrectly calculated 
 the amount of child support owed to Mother.  The correct amount should be $700.26 
 per month in child support.  The family courts order is modified to the extent 
 that child support is set at $700.26 per month, with the same provisions for 
 payment as articulated in the trial courts order.
III.       Attorneys Fees
Mother contends the family court erred 
 in requiring her to pay $5,000.00 of Fathers attorneys fees.  She maintains 
 that this was a close case and that she also received beneficial results in 
 the modified child support.  We find the court properly assessed a portion of 
 Fathers fees to Mother.
In Glasscock v. Glasscock, 304 
 S.C. 158, 403 S.E.2d 313 (1991), our Supreme Court established the factors for 
 the family court to consider in awarding attorneys fees.  The family court 
 is to consider:  (1) the nature, extent, and difficulty of the case; (2) the 
 time necessarily devoted to the case; (3) professional standing of counsel; 
 (4) contingency of compensation; (5) beneficial results obtained; (6) customary 
 legal fees for similar services.  Id. at 161, 403 S.E.2d at 315.  
In the instant case, the court expressly 
 considered the Glasscock factors.  While child support was an issue, 
 there is little doubt that the issue of Mothers attempt to relocate was the 
 predominant reason for litigation.  The court found that Father obtained beneficial 
 results in the main issue tried before the court.  Additionally, the court found 
 the hourly rate and the time spent on the case by Fathers counsel was reasonable 
 and consistent with rates charged in the area for similar services.  As it is 
 clear the court considered the relevant factors, and those factors favor Father, 
 we affirm the award of $5,000.00 attorneys fees.
CONCLUSION
We find the family court properly found 
 the relocation was not in the best interest of the children.  As such, the court 
 properly denied Mothers request to relocate and conditioned her custody of 
 the children on her remaining in Conway.  We conclude the courts award of attorneys 
 fees was proper.  We modify the courts award of child support to correct for 
 the error in calculation.  Accordingly, the decision of the family court is
AFFIRMED AS MODIFIED.
GOOLSBY and ANDERSON, JJ., and CURETON, A.J., 
 concur.

 
 
 [1]    In her brief, Mother raises three separate arguments regarding 
 the relocation issue.  In the interest of clarity, we have consolidated these 
 arguments under one heading.