681 S.E.2d 602

**Matthew S. WALRATH, Appellant,**

v.

**Stephanie A. POPE, Respondent.**

No. 4562.

Court of Appeals of South Carolina.

Submitted April 1, 2009.
Decided June 12, 2009.

Stephen D. Schusterman, of Rock Hill, for Appellant.

Paul V. Degenhart, of Columbia, for Respondent.

WILLIAMS, J.

Matthew Walrath (Father) appeals the family court's order finding Stephanie Pope (Mother) should retain custody of the couple's two minor children even if Mother moves out of state. We affirm.

## FACTS/PROCEDURAL HISTORY

Father and Mother married in March 1998 in Texas. They had two children while married, a daughter born in 1999 and a son born in 2000. The couple later divorced in Texas in June 2002. Pursuant to the Texas Divorce Decree (the Decree), Father and Mother were granted joint custody of the children, with primary custody being awarded to Mother. Additionally, the Decree gave Mother the right to establish the primary residence of the two children. Mother was required to give Father sixty days notice if she intended to move with the children.

Mother moved with the children from Texas to Maryland for a job opportunity in June 2003. Father followed the family to Maryland in order to remain close to the children. Father eventually found employment as a facility supervisor. While in Maryland, Mother married her current husband (Stepfather) and had a child with him.

In May 2004, Mother gave Father notice she would be moving with the children to Blythewood, South Carolina. Stepfather had an opportunity to practice law with a South Carolina firm, which would allow Mother to stay at home with the children. Father again followed Mother and the children, relocating to Fort Mill where he was able to get a job with his same company. While living in Fort Mill, Father began dating and eventually married his current wife (Stepmother).

After Stepfather began to experience some job difficulties, Mother began to search for a job. Mother searched in the Columbia and Charlotte areas but with no success. Eventually she expanded her search to other states and was able to secure a job working out of her home in South Carolina for a company in the Kansas City area. After her company told her she must relocate to Kansas City, Missouri in order to keep her job, Mother gave Father notice of her intended move. Father then brought this action, asking for a change of custody or, in the alternative, an order prohibiting Mother from moving the children to Kansas City. A hearing was held. The family court found no change of custody was in order, and Mother was allowed to move the children. This appeal followed.

## STANDARD OF REVIEW

When reviewing a family court order, this Court may find facts based on its view of the preponderance of the evidence. *Patel v. Patel*, 359 S.C. 515, 522–23, 599 S.E.2d 114, 118 (2004). This broad scope of review, however, does not relieve the appealing party of the burden of showing the family court committed error. *Latimer v. Farmer*, 360 S.C. 375, 380, 602 S.E.2d 32, 34 (2004). Additionally, this Court is not required to disregard the family court's findings, as it was in the position to see and hear the witnesses and was therefore in a better position to evaluate their credibility. *Patel*, 359 S.C. at 523, 599 S.E.2d at 118. "This degree of deference is especially true in cases involving the welfare and best interests of the [children]." *Latimer*, 360 S.C. at 380, 602 S.E.2d at 34.

## LAW/ANALYSIS

Father argues the family court erred in determining custody of the children should remain with Mother even if she moves to Kansas City. We disagree.

South Carolina courts have recognized the difficulty of the issue we have before us: balancing the custodial parent's right to relocate with the minor children against the non-custodial parent's "right to continue his or her relationship with the [children] as established before the custodial parent's relocation." *Id.* This issue is made even more difficult when both parents share a devoted and loving relationship with the children, as Mother and Father do in the current situation. In resolving this issue, however, our Supreme Court has stated we are no longer to be guided by the presumption against relocation, and should instead focus on the children's best interests. *Id.* at 381, 602 S.E.2d at 34–35.

"In all child custody cases, including relocation cases, the controlling considerations are the [children's] welfare and best interests." *Id.* at 381, 602 S.E.2d at 35. When a change in custody is sought, the non-custodial parent must show a change in circumstances occurring subsequent to the entry of the divorce decree. *Id.* This change of circumstances must be such that it would substantially affect the interests and welfare of the children, not merely the parties, their wishes, or their convenience. *Sharpe v. Sharpe,* 256 S.C. 517, 521, 183 S.E.2d 325, 327 (1971). Additionally, "it is incumbent upon the moving party to show that the welfare of the [children] requires the court to ignore and set aside the agreement of the parties incorporated in the decree." *Id.*

Because the overriding concern in all child custody matters is the best interests of the children, when a change in custody is sought by the noncustodial parent, that parent must establish (1) there has been a substantial change in circumstances affecting the welfare of the children and (2) a change in custody is in the overall best interests of the children. *Latimer,* 360 S.C. at 381, 602 S.E.2d at 35.

A change in the custodial parent's residence is not in itself a substantial change in circumstances affecting the wel-

fare of the children that justifies a change in custody. *Id.* at 382, 602 S.E.2d at 35.

> Relocation is one factor in considering a change in circumstances, but is not alone a sufficient change in circumstances. One location may not necessarily affect the best interests of the [children] as would another. The effect of relocation on the [children's] best interest[s] is highly fact specific. It should not be assumed that merely relocating and potentially burdening the non-custodial parent's visitation rights always negatively affects the [children's] best interests.

*Id.*

While South Carolina has not delineated criteria for evaluating whether the best interests of the children are served in relocation cases, our Supreme Court has acknowledged, without endorsing or specifically approving, factors other states consider when making this determination. *Id.* For example, our Supreme Court stated the New York Court of Appeals looks at (1) each parent's reason for seeking or opposing the relocation; (2) the relationship between the children and each parent; (3) the impact of the relocation on the quality of the children's future contact with the non-custodial parent; (4) the economic, emotional, and educational enhancements of the move; and (5) the feasibility of preserving the children's relationship with the non-custodial parent through visitation arrangements. *Id.* at 382–83, 602 S.E.2d at 35–36 (citing *Tropea v. Tropea,* 87 N.Y.2d 727, 642 N.Y.S.2d 575, 665 N.E.2d 145, 148 (1996)). Additionally, our Supreme Court noted Pennsylvania courts require the following considerations in relocation cases: (1) the economic and other potential advantages of the move; (2) the likelihood the move would substantially improve the quality of life for the custodial parent and the children and is not the result of a whim of the custodial parent; (3) the motives behind the parent's reasons for seeking or opposing the move; and (4) the availability of a realistic substitute visitation arrangement that will adequately foster an ongoing relationship between the non-custodial parent and the children. *Id.* at 383, 602 S.E.2d at 36 (citing *Gancas v. Schultz,* 453 Pa.Super. 324, 683 A.2d 1207, 1210 (1996)).

■    Applying some of these factors to the present case, while keeping in mind the overriding consideration of the children's best interests is paramount, we affirm the family court's order allowing custody of the children to remain with Mother even if she relocates with the children to Kansas City.

We first note the integrity of the motives behind each parent's reason for seeking or opposing the move does not weigh against either parent, as neither Mother nor Father demonstrated any spiteful or vindictive motives. Mother testified as to the financial reasons behind the move to Kansas City and the difficulty she has had trying to find employment closer to South Carolina. Mother also testified she believed the move was in the children's best interests. Likewise, Father testified his only reason for opposing the move was because he believed it was in the children's best interests to be allowed to "settle down" in South Carolina where they have become a part of the community.

Additionally, both Mother and Father share a healthy, loving relationship with the children. The guardian ad litem (GAL) testified this was a case involving not only two good parents, but also two stepparents that love the children. After spending time with the children in both households and recognizing the strong relationship each parent shares with the children, the GAL recommended the family court allow Mother to move to Kansas City. The family court also found that even though "[b]oth parents should be commended for putting their children first[,] ... the children are doing well under the current situation while being in [Mother's] care." The family court noted the children are "flourishing while being in the primary care of [Mother]."

Further, the move to Kansas City will provide potential advantages to the children, which were discussed at the hearing. With the move, Mother will be able to provide the children with economic security she cannot provide if she were to remain in South Carolina. This economic security includes not only a comfortable income but also affordable health insurance. Additionally, Mother testified the company she works for believes in a balance between work and home life, which will allow for more time with the children. Furthermore, Mother testified she has lots of family and friends in the area,

which would provide a support system for the entire family. This testimony, as well as other testimony that Mother has already looked into schools and housing in the Kansas City area, additionally demonstrates Mother has put a great deal of thought into the potential move to Kansas City and the move is not the result of a whim on her part.

Finally, when looking into the availability of a realistic substitute visitation arrangement between Father and the children, the family court acknowledged Father stated he will move to Kansas City if Mother is allowed to move there with the children. If Father follows through with this move, Father's visitation with the children will likely increase. Mother stated she would allow Father to pick the neighborhood she would move to, in hopes that both parents would live in the same area, which would cut down on the children's travel time between the two households and allow Father to attend more of the children's activities. The family court, however, also provided for continued visitation while Father remains in South Carolina. The family court was able to provide a new schedule that allowed Father to continue to have visitation with the children every other weekend and alternating holidays as the Decree allowed. This new schedule included the added benefit of Mother reimbursing Father for one airline ticket per month if he chooses to fly to Kansas City to visit the children. Although we acknowledge the relationship between Father and the children will be significantly affected if Father remains in South Carolina, the family court's order acknowledged the new hardships and did its best to provide the children with continuous and meaningful contact with Father.

After considering all of the evidence presented and giving deference to the family court, we find Father has failed to establish a substantial change in circumstances affecting the welfare of the children. We, therefore, do not believe a change in custody is in the children's best interests.[1]

---

1. Although Father states that if a change in custody is not granted, an alternate ground to his argument is that this Court should prohibit Mother from moving, Father never makes a separate argument for this alternate position. His brief only addresses the change of conditions that should allow for a change of custody, and therefore, we decline to address this argument. *See Mulherin–Howell v. Cobb*, 362 S.C. 588,

## CONCLUSION

Based on the foregoing, the family court's order is

**AFFIRMED.**[2]

HUFF and KONDUROS, JJ., concur.

600, 608 S.E.2d 587, 593–94 (Ct.App.2005) (stating an issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority).

**2.** We decide this case without oral argument pursuant to Rule 215, SCACR.