**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Mya Nichelle Sumter, Appellant,

v.

Dezmond Bernard Sumter, Respondent.

Appellate Case No. 2023-000419

———

Appeal From Richland County
Monét S. Pincus, Family Court Judge

———

Unpublished Opinion No. 2025-UP-081
Heard February 12, 2025 – Filed March 7, 2025

———

**AFFIRMED AS MODIFIED**

———

Carrie Ann Warner, of Warner Law Firm, LLC, of Columbia, for Appellant.

John O. McDougall, of McDougall, Self, Currence & McLeod, LLP, of Columbia, for Respondent.

Kathryn F. Free, of Kathryn F. Free, Attorney at Law, of Elgin, as Guardian ad Litem.

———

**PER CURIAM:**  Mya Nichelle Sumter (Mother) appeals several orders of the family court, including the Final Order Ending Action.  On appeal, Mother argues

the court erred by (1) awarding Dezmond Bernard Sumter (Father) primary legal and physical custody of their shared minor child (Child); (2) failing to consider Child's best interests in ordering Mother could not relocate to Atlanta, Georgia with Child; (3) making certain findings of fact against Mother that the record did not support; (4) limiting Mother's cross-examination of Father; (5) deviating from the Child Support Guidelines (the Guidelines); and (6) awarding attorney's fees to Father.  We affirm as modified.[1]

1.  Custody of Child

Mother argued the family court erred in awarding Father primary legal and physical custody of Child.  We affirm.  "In making a custody determination, the child's welfare and best interest are the paramount and controlling considerations of the court."  *Lewis v. Lewis*, 400 S.C. 354, 364, 734 S.E.2d 322, 327 (Ct. App. 2012) (citing *Patel v. Patel*, 359 S.C. 515, 526, 599 S.E.2d 114, 119 (2004)).  The family court must consider the best interest of the child, which may include but is not limited to seventeen specific factors enumerated in section 63-15-240(B) of the South Carolina Code (Supp. 2024).  "Therefore, the appellant bears the burden of convincing the appellate court that the family court committed error or that the preponderance of the evidence is against the family court's findings."  *Klein v. Barrett*, 427 S.C. 74, 80, 828 S.E.2d 773, 776 (Ct. App. 2019).  We find the family court did not err in awarding primary custody to Father.  In its order, the court analyzed each factor enumerated in section 63-15-240(B).  Under our own view of the preponderance of the evidence, we find the record supported each of the family court's findings and Mother has failed to meet her burden of showing the family court committed error in its analysis.

2.  Relocation to Atlanta

Mother argues the family court failed to consider Child's best interests in ordering that Mother could not relocate with Child to Atlanta.  We affirm.  "In all child custody cases, including relocation cases, the controlling considerations are the

---

[1] "Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings." *Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019).  "While this broad scope of review allows the appellate court to find facts in accordance with its own view of the preponderance of the evidence, it does not require this court to disregard the findings of the family court." *Greene v. Greene*, 439 S.C. 427, 439, 887 S.E.2d 157, 164 (Ct. App. 2023).

child's welfare and best interests." *Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004). "The effect of relocation on the child's best interest is highly fact specific." *Id.* at 382, 602 S.E.2d at 35. "While South Carolina has not delineated criteria for evaluating whether the best interests of the children are served in relocation cases, our Supreme Court has acknowledged, without endorsing or specifically approving, factors other states consider when making this determination." *Walrath v. Pope*, 384 S.C. 101, 106, 681 S.E.2d 602, 605 (Ct. App. 2009) (noting factors considered by New York and Pennsylvania courts). Here, the family court found Mother's move to Atlanta with Child would have a negative impact on Father's relationship with Child; therefore, it was not in Child's best interests. Ultimately, the court found Mother's proposed parenting plan was too restrictive. It further found Mother did not provide any testimony regarding relocation factors, including her motivation for the move. Under our own view of the preponderance of the evidence, we find the court properly denied Mother's request to relocate with Child. The record makes clear Mother's motivations are her own and are not focused on the best interests of Child. If Mother were to relocate with Child to Atlanta, everything in Child's life would change, and we agree this is not in Child's best interests. Child's entire life has been established in Columbia. We find the family court did not err in denying Mother's request to relocate to Atlanta with Child.

### 3. Findings of Fact Against Mother

Mother argues the family court abused its discretion in making certain findings of fact against Mother that were unsupported by the record. We affirm. This court has dealt with a similar challenge to adverse findings against a mother in a custody case. In *Altman v. Griffith*, the mother "challenge[d] the findings favoring the custody award to [the father], essentially complaining about the family court's failure to give weight to [the mother's] take on the evidence." 372 S.C. 388, 395-96, 642 S.E.2d 619, 623 (Ct. App. 2007). The facts in *Altman* are strikingly similar to the issues here, and the mother in *Altman* assigned error to the adverse findings against herself and the positive findings in favor of the father. First, as Mother did here, the mother in *Altman* prevented the father from seeing the child for several months for no justifiable reason. *Id.* at 402, 642 S.E.2d at 626. Further, this court in *Altman* found support in the record that "the 'mother's and her family's repeated unfounded accusations and unfounded charges against the father have contributed greatly to their bad relationship and inability to communicate with each other.'" *Id.* The court found the father had a stronger focus on the daily welfare and care of the child than the mother and the father was "committed to supporting the child's relationship with his mother." *Id.* Ultimately, this court found the

evidence in the record supported the view that the child's best interest was served by an award of custody to the father. *Id.* at 403, 642 S.E.2d at 627. In making this finding, the court declined to "recast the evidence so that the scales tip in favor of [the mother]." *Id.* at 403, 642 S.E.2d at 627.

We are unpersuaded by Mother's arguments because the bulk of "supporting evidence" she provides is her own testimony, which the family court found to be not credible. *See Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011) (finding the appellate court generally defers to the findings of the family court regarding credibility because the family court is in a better position to observe the witness and his or her demeanor). We agree with the family court's findings that Mother lacked credibility and her claims against Father were unsubstantiated by the evidence. Like this court's deference in *Altman*, our deference to the family court's findings is especially warranted here, for the ultimate determination rests primarily on the family court's assessment of witness demeanor and credibility. Based on the foregoing and our own view of the preponderance of the evidence, we find the court did not err in making adverse findings against Mother based on evidence and testimony in the record.

## 4. Scope of Cross-Examination

Mother argues the family court erred in limiting Mother's cross-examination of Father. Mother further argues Father's repeated reference to his deposition testimony was an attempt to "interfere and stymie" his cross-examination, upon which the family court based some of its findings, thus violating Mother's constitutional right to due process.[2] We affirm. Evidentiary and procedural rulings of the family court are reviewed using an abuse of discretion standard. *Stoney v. Stoney*, 422 S.C. 593, 595 n.2, 813 S.E.2d 486, 487 n.2 (2018); *see, e.g.*, *Broom v. Jennifer J.*, 403 S.C. 96, 115, 742 S.E.2d 382, 391 (2013) (stating on appeal from the family court "the admission or exclusion of evidence is within the trial judge's discretion"). We find the family court did not cut off or restrict Mother's counsel from continuing her cross-examination; it simply reminded counsel to adhere to a timeline. Cross-examination of Father continued for six more pages after this announcement from the court. At the end of cross-

---

[2] Mother argued for the first time in her brief that the court's limitation of her cross-examination of Father was unconstitutional. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

examination, Mother's counsel stated, "Your Honor, I have no further questions." Overall, cross-examination of Father spanned almost an entire day of trial and consisted of 147 pages in the record. We find the family court did not erroneously limit Mother's cross-examination of Father.

### 5. Deviation from the Guidelines

Mother argued the family court erred in deviating from the Guidelines. We affirm. "The Child Support Guidelines are available to be used for temporary and permanent orders, actions for separate maintenance and support, divorce and child support awards. Additionally, the Guidelines are to be used to assess the adequacy of agreements for support and encourage settlement of this issue between parties." S.C. Code Ann. Regs. 114-4710(A) (Supp. 2024).[3] The South Carolina Code of Regulations recommends that deviation should be an exception, rather than the rule. S.C. Code Ann. Regs. 114-4710(B) (Supp. 2024). However, "[w]hen the court deviates, it must make written findings that clearly state the nature and extent of the variation from the Guidelines. These Child Support Guidelines do not take into account the economic impact of the following factors which can be possible reasons for deviation." *Id.* Educational expenses for children are an enumerated reason for possible deviation. *Id.*

We find the court was warranted in its deviation, and it properly made written findings as to why it deviated. In its supplemental temporary order that allowed for Child's enrollment and regular attendance at Heathwood Hall Episcopal School, the court addressed the parties' emphasis on education and highlighted Mother's resistance in allowing Child to participate at school. In the supplemental order, the court reiterated that the original temporary order was made when Child was only approximately twelve months old. At the time of the supplemental order, Child was a toddler and "clearly of the age where she benefits from such [educational] opportunities." The court found that if the parties had not separated, it "is very likely" Child would have been involved in regular social activities and early education at private school. In its final order, the court likewise made written findings as to why credited Father $877.64 per month as a daycare expense towards Heathwood tuition. The court found the program Child was enrolled in at Heathwood was "a special program . . . and the expenses are equivalent to work-related child-care expenses."

---

[3] The combined gross monthly income allowing for deviation per the Guidelines is $40,000.

6. Attorney's Fees

Mother argues the family court's award of attorney's fees to Father in the amount of $259,896.04 constitutes an abuse of discretion. We affirm as modified.

"[A]ttorney's fees may be assessed against a party in an action brought in the family court." *Patel*, 359 S.C. at 533, 599 S.E.2d at 123. "In determining whether an attorney's fee should be awarded, the following factors should be considered: (1) the party's ability to pay his/her own attorney's fee; (2) [the] beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living." *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992). The reasonableness of attorney's fees should be determined by the following factors: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; (6) customary legal fees for similar services." *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991). "[T]his [c]ourt reviews a family court's award of attorney's fees de novo." *Stone*, 428 S.C. at 92, 833 S.E.2d at 272.

In its order, the family court addressed each of the factors enumerated in *E.D.M.* and *Glasscock*. Reviewing the record based on our view of the preponderance of the evidence, we find a modification of the attorney's fees award is warranted. Although we are mindful of the family court's discretion in awarding attorney's fees, we conclude a more equitable division is to require Mother to pay a portion— as opposed to the entirety—of Father's attorney's fees. We acknowledge Father achieved greater beneficial results than Mother; however, Father is also in a better financial position than Mother and is able to pay a portion of his fees, as he has done throughout litigation. However, we also note the considerable amount of time Mother spent investigating Father's financial matters, believing he was hiding assets and additional financial information. She also spent considerable effort attempting to impeach Father's credibility although there was no property, assets, or debts for the court to divide. Based on our view of the preponderance of the evidence, we find Mother's lack of cooperation and delay throughout the case caused Father's attorney to expend additional funds to litigate Mother's meritless, unfounded claims. *See Thornton v. Thornton*, 428 S.C. 460, 477, 836 S.E.2d 351, 360 (Ct. App. 2019) (stating that "[w]hen a party's uncooperative conduct in discovery and litigation increases the amount of the other party's fees and costs, the [family] court can use this as an additional basis" in its decision of whether to award attorney's fees. (quoting *Bojilov v. Bojilov*, 425 S.C. 161, 185, 819 S.E.2d

791, 804 (Ct. App. 2018))).  We modify the fee award based on Mother's delays throughout litigation.  Mother is responsible for her own attorney's fees.  She is also responsible for one-third of Father's fees in the amount of $86,632.01.  Father is responsible for the remainder of his fees in the amount of $173,264.03.

Based on the foregoing, the final order on appeal is

**AFFIRMED AS MODIFIED.**

**THOMAS, KONDUROS, and HEWITT, JJ., concur.**